FILED
Dec 16, 2019
04:00 PM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| Sandra Coker,<br>　　　　Employee,<br>v.<br>Storm Power Components,<br>　　　　Employer,<br>and<br>Bridgefield Employers Ins. Co.,<br>　　　　Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2018-01-0137<br><br>State File No.: 14421-2018<br><br>Judge Thomas Wyatt |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This claim came before the Court on December 13, 2019, for argument of Storm Power Components' motion for summary judgment. Attorney Rebecca Hicks represented Sandra Coker, and Attorney Amy Brown represented Storm Power during the hearing.

Ms. Coker filed this claim almost two years ago alleging that her serious respiratory condition arose primarily out of and in the course and scope of her employment at Storm Power, which allegedly exposed her to certain environmental hazards. Storm Power sought discovery from Ms. Coker, including identification of experts she would rely on in support of her claim. Ms. Coker failed to identify experts. Storm Power filed its summary judgment motion seeking dismissal because Ms. Coker could not come forward with expert medical testimony that her condition was work-related.

After Storm Power filed its motion, Ms. Coker sought additional time to locate an expert. The Court granted Ms. Coker an additional sixty days to locate an expert and submit evidence in support of her claim. That time has passed.

Ms. Hicks announced that Ms. Coker had decided not to pursue her claim. She provided no expert opinion supporting the work-relatedness of her condition. Storm

1

Power relied on its motion and asked the Court to dismiss the claim on summary judgment.

In *King v. Kasei North America, Inc.,* 2019 TN Wrk. Comp. App. Bd. LEXIS 16, at \*6, 9-10 (Apr. 4, 2019), the Workers' Compensation Appeals Board held:

> [s]ummary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In circumstances where a motion for summary judgment is filed by a party who does not bear the burden of proof at trial, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense."

(Citations omitted.)

In *King,* the court granted the employee two extensions to submit expert opinions in response to summary judgment, but she did not do so. The Appeals Board held that summary judgment of the entire claim was appropriate under the second prong of the standard, even though the employer only negated the compensability of one of the employee's alleged injuries.

Here, Ms. Coker has the burden of proving all the essential elements of her claim, which requires an expert medical opinion that her work "contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." *See Panzarella v. Amazon.com, Inc.,* No. 2015-01-0383, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at \*9-11 (Tenn. Workers' Comp. App. Bd. May 15, 2017). She has had almost two years to obtain expert evidence supporting her claim. Even though the Court followed the scheduling format of Rule 56 and, in fact, extended Ms. Coker's time to obtain evidence supporting her claim, she conceded that she had no evidence to present.

For the reasons set forth above, the Court grants summary judgment and dismisses Ms. Coker's claim with prejudice to its refiling. The Court taxes the filing fee of $150.00 to Storm Power under Tennessee Compilation Rules and Regulations Rule 0800-02-21-.06. Further, Storm Power shall prepare and submit a Statistical Data Form for this matter within ten calendar days of the date of judgment.

**IT IS SO ORDERED.**

**ENTERED December 16, 2019.**


_____

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on December 16, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Rebecca Hicks<br>Employee's Attorney | | X | hickslaw@volstate.net<br>aschaefer@volstate.net |
| Nick Peterson<br>Employer's Attorney | | X | Nick.peterson@petersonwhite.com<br>Beverly.uphoff@petersonwhite.com |


_____ w/permission

Penny Shrum, Court Clerk
**WC.CourtClerk@tn.gov**

3



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**COMPENSATION HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

Employee _____

v.

Employer _____

## Notice

Notice is given that _____
[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.
[List the date(s) the order(s) was filed in the court clerk's office]

Judge _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

Appellant (Requesting Party): _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20___.

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address: http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

Groceries    $ _____ per month    Telephone    $ _____ per month

Electricity    $ _____ per month    School Supplies $ _____ per month

Water    $ _____ per month    Clothing    $ _____ per month

Gas    $ _____ per month    Child Care    $ _____ per month

Transportation   $ _____ per month    Child Support   $ _____ per month

Car    $ _____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____